IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAMATY MAHAN,                                     No. CIV S-11-2723-CMK-P

       Plaintiff,

    vs.                                                          ORDER

TIM VIRGA, et al.,

       Defendants.

_____/

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 4).

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: Tim Virga; T. Viles; I. O'Brien; L. Johnson; J. Gaskin; J. Mejiea; H. Ensley; D. Sims; and M. Holz.  Plaintiff claims that he was falsely accused of participating in a riot on January 19, 2010, between Hispanic and Black inmates.  Plaintiff was sentenced to a term in administrative segregation.  He states that during this sentence, he had limited access to visits, phone calls, yard programs, etc.  Petitioner next complains about a series of prison transfers and appears to indicate that defendants improperly denied his requests to be transferred to a particular institution.  He also states that, during his time in administrative segregation, he was assigned to appear before a classification committee every 90 days.  In conclusion, plaintiff states:

> In result defendant's actions, plaintiff was deprived from family visits, phone calls at the time when needed of tragic situation.  Plaintiff felt bluntly manipulated, neglected, punished without reason.  Plaintiff was departed from the ordinary incidents of prison life.  The cruel and unusual punishment.  The mental and emotional distress.  The reasonability [sic] to uphold my constitutional protected rights.

For his only claim for relief, plaintiff alleges that defendants violated his rights to due process "for bluntly depriving me release after period of time was known."  It is unclear if plaintiff is referring to his release from prison, or from administrative segregation.

/ / /

## II.  DISCUSSION

The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a claim of deprivation of due process, a plaintiff must allege the existence of a liberty or property interest for which the protection is sought. See Ingraham v. Wright, 430 U.S. 651, 672 (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972). Liberty interests can arise both from the Constitution and from state law. See Hewitt v. Helms, 459 U.S. 460, 466 (1983); Meachum v. Fano, 427 U.S. 215, 224-27 (1976); Smith v. Sumner, 994 F.2d 1401, 1405 (9th Cir. 1993). In determining whether the Constitution itself protects a liberty interest, the court should consider whether the practice in question ". . . is within the normal limits or range of custody which the conviction has authorized the State to impose." Wolff, 418 U.S. at 557-58; Smith, 994 F.2d at 1405. Applying this standard, the Supreme Court has concluded that the Constitution itself provides no liberty interest in good-time credits, see Wolff, 418 U.S. at 557; in remaining in the general population, see Sandin v. Conner, 515 U.S. 472, 485-86 (1995); in not losing privileges, see Baxter v. Palmigiano, 425 U.S. 308, 323 (1976); in staying at a particular institution, see Meachum, 427 U.S. at 225-27; or in remaining in a prison in a particular state, see Olim v. Wakinekona, 461 U.S. 238, 245-47 (1983).

In determining whether state law confers a liberty interest, the Supreme Court has adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. See Sandin v. Connor, 515 U.S. 472, 481-84 (1995). In doing so, the Court has held that state law creates a liberty interest deserving of protection only where the deprivation in question: (1) restrains the inmate's freedom in a manner not expected from the sentence; and (2) "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 483-84.

/ / /

/ / /

1   In this case, plaintiff complains that he was subjected to limited visits, phone
calls, etc., during his placement in administrative segregation.  Such restraints are certainly to be
expected following a disciplinary conviction for participating in a prison riot.[1]  Nor do such
restraints amount to any hardship which is atypical and significant.  To the contrary, the restraints
complained of are typical and rather insignificant in relation to ordinary prison life.

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be
cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of
the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).
Plaintiff shall show cause in writing, within 30 days of the date of this order, why this action
should not be dismissed for failure to state a claim.  Plaintiff is warned that failure to respond to
this order may result in dismissal of the action for the reasons outlined above, as well as for
failure to prosecute and comply with court rules and orders.  See Local Rule 110.

IT IS SO ORDERED.

DATED:  January 11, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff does not claim that his due process rights were violated with respect to the disciplinary hearing.