IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMATY MAHAN, | No. CIV S-11-2723-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| TIM VIRGA, et al., | |
| Defendants. | |
| _____/ | |

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action

       On January 12, 2012, the court directed plaintiff to show cause in writing within 30 days why this action should not be dismissed for failure to state a claim upon which relief can be granted. Plaintiff was warned that failure to file a response could result in dismissal of the action, both for the reasons stated in the order to show cause as well as for failure to comply with court orders. To date, plaintiff has not filed any response.

/ / /

/ / /

1       Plaintiff's allegations were summarized in the January 12, 2012, order and will
2 not be repeated here.  For his only claim for relief, plaintiff alleges that defendants violated his
3 rights to due process "for bluntly depriving me release [from administrative segregation] after
4 period of time was known."  It is unclear if plaintiff is referring to his release from prison, or
5 from administrative segregation.   In the order to show cause, the court stated as follows:

> The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a claim of deprivation of due process, a plaintiff must allege the existence of a liberty or property interest for which the protection is sought.  See Ingraham v. Wright, 430 U.S. 651, 672 (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972).    Liberty interests can arise both from the Constitution and from state law.  See Hewitt v. Helms, 459 U.S. 460, 466 (1983); Meachum v. Fano, 427 U.S. 215, 224-27 (1976); Smith v. Sumner, 994 F.2d 1401, 1405 (9th Cir. 1993).  In determining whether the Constitution itself protects a liberty interest, the court should consider whether the practice in question ". . . is within the normal limits or range of custody which the conviction has authorized the State to impose."  Wolff, 418 U.S. at 557-58; Smith, 994 F.2d at 1405.  Applying this standard, the Supreme Court has concluded that the Constitution itself provides no liberty interest in good-time credits, see Wolff, 418 U.S. at 557; in remaining in the general population, see Sandin v. Conner, 515 U.S. 472, 485-86 (1995); in not losing privileges, see Baxter v. Palmigiano, 425 U.S. 308, 323 (1976); in staying at a particular institution, see Meachum, 427 U.S. at 225-27; or in remaining in a prison in a particular state, see Olim v. Wakinekona, 461 U.S. 238, 245-47 (1983).
>
>       In determining whether state law confers a liberty interest, the Supreme Court has adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation.  See Sandin v. Connor, 515 U.S. 472, 481-84 (1995).  In doing so, the Court has held that state law creates a liberty interest deserving of protection only where the deprivation in question: (1) restrains the inmate's freedom in a manner not expected from the sentence; and (2) "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 483-84.
>
>       In this case, plaintiff complains that he was subjected to limited visits, phone calls, etc., during his placement in administrative segregation.  Such restraints are certainly to be expected following a disciplinary conviction for participating in a prison riot.  Nor do such restraints amount to any hardship which is atypical and significant.  To the contrary, the restraints complained of are typical and rather insignificant in relation to ordinary prison life.

25 Plaintiff has filed no response to the order to show cause and the court finds that dismissal for the
26 reasons outlined above is appropriate.

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed for failure to state a claim; and

2. The Clerk of the Court is directed to enter judgment and close this file.

DATED: March 12, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE